UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MARVIK,<br><br>        Plaintiff,<br><br>    v.<br><br>SCREEN ACTORS GUILD, et al.,<br><br>        Defendants. | Case No.: 1:21-cv-01161 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE ACTION WITHOUT PREJUDICE |

Steve Marvik seeks to proceed *pro se* in this action against the Screen Actors Guild, all Blacks, former president Barack Obama, the Fox News Network, the Cable News Network, and unidentified "snitches." (*See* Doc. 1 at 1-3.) In addition, Plaintiff seeks to proceed *in forma pauperis* with this action. (Doc. 2.) For the reasons set forth below, the Court finds Plaintiff is unable to state a claim upon which relief may be granted. Therefore, the Court recommends the motion to proceed *in forma pauperis* be **DENIED** and the complaint be **DISMISSED** without prejudice.

**I.     Request to proceed *in forma pauperis***

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave

1

to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit determined "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

The Court recommends Plaintiff's application to proceed *in forma pauperis* be denied because, as discussed below, the complaint fails to state a meritorious claim upon which relief may be granted. *See, e.g., Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit"); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).

**II.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous if the litigant sets forth "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, the Court may dismiss a complaint that is unintelligible, fanciful, or disjointed. *See, e.g.*, *Iegorova v. Feygan*, 2019 WL 4929910 at *1 (E.D. Cal. Oct. 7, 2019); *Zochlinski v. Regents of the Univ. of Cal*., 2010 WL 11691501 at *2 (E.D. Cal. Jan. 27. 2010).

### III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV. Discussion

Plaintiff raises a litany of issues against the many defendants identified in the complaint. For example, Plaintiff asserts unspecified defendants violated his rights arising under the Fifth, Sixth,

Eighth, and Fourteenth Amendments to the Constitution of the United States. (Doc. 1 at 4, 7.) He asserts that his rights have been violated "continuous[ly] for over 34 years." (*Id.* at 5.) Plaintiff claims the Screen Actors Guild, Black individuals and "heinous females" have stalked him, conspired to murder Plaintiff, attempted to murder Plaintiff, "lied about [his] net worth," robbed Plaintiff, ruined his health, falsely accused him, "stole [his] legal monies" and committed continuous fraud. (*Id.* at 6.) Further, Plaintiff contends the "defendants have committed libel, slander, defamation," "treason, espionage, murder, rape, burglary, larceny, arson, kidnapping, bribery, [and] perjury." (*Id.* at 7, emphasis omitted.) With his complaint, Plaintiff attaches more than 200 pages of exhibits, such as letters Plaintiff sent to the Screen Actors Guild, the Governor of the State of California, the FBI, the House of Representatives, and more. (*See generally* Doc. 1 at 8-265.)

Significantly, the complaint includes only broad allegations against the defendants: the Screen Actors Guild, all Blacks, former president Barack Obama, the Fox News Network, the Cable News Network, and unidentified "snitches." Plaintiff has neither identified any facts to support the claims raised, nor linked any actions by the defendants to harm suffered by Plaintiff. Further, the claims are presented in an unintelligible manner, such that the Court is unable to determine what wrong Plaintiff believes he personally suffered. For example, Plaintiff has not stated that he was the victim of rape, larceny, or kidnapping—and it is implausible to believe that the Screen Actors Guild, Black people, the former president, and news networks engaged in such acts against Plaintiff. Likewise, it is improbable, to say the least, that Plaintiff has been wronged by *all* Black people, though he seeks to hold the entire race liable for the identified claims.

The Court finds the complaint is frivolous because it sets forth "fanciful factual allegation[s]" and rises to the level of the irrational. Consequently, Court recommends that Plaintiff's complaint be **DISMISSED** without leave to amend. *See Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 325.

### V. Findings and Recommendations

Based upon the allegations, it does not appear the pleading deficiencies can be cured by amendment, and granting leave to amend would be futile. *See Lopez*, 203 F.3d at 1130; *see also Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

Accordingly, the Court **RECOMMENDS**:

1. Plaintiff's complaint be **DISMISSED** without prejudice;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and
3. The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 4, 2021**               **_/s/ Jennifer L. Thurston**
                                           CHIEF UNITED STATES MAGISTRATE JUDGE